

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Stephens v. Chairman PA BD

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4344

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stephens v. Chairman PA BD" (2006). *2006 Decisions.* Paper 1304.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1304

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4344
_____

MICHAEL STEPHENS,

Appellant

v.

THE CHAIRMAN OF THE PENNSYLVANIA BOARD OF PROBATION AND
PAROLE; ROBERT W. MEYERS, Superintendent, SCI-Rockview;
FRANKLIN J. TENNIS, Deputy Superintendent; A. C. BIVIANO,
Deputy Superintendent; RAY J. COFFMAN, Correctional
Program Manager; JEFFREY A. RACKOVAN, Corrections
Superintendent Assistant; Lt. EATON, Correctional Officer;
SYMONS; C. MITCHELL, Hearing Examiner; ELLERS, Mr., Health
Care Administrator; C.O. VANGORDER; ROBERT S. BITNER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00442)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
October 12, 2005

BEFORE: ROTH, McKEE and ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed April 6, 2006)

## **OPINION**

PER CURIAM

Michael Stephens appeals the District Court's order granting appellees' motion to dismiss as well as the District Court's order denying his motion for reconsideration. Stephens filed a complaint alleging that he had been granted parole. However, before he was released, he received a misconduct because his urinalysis had come back positive for alcohol. Stephens asserted that the misconduct was dismissed because the hearing examiner called the medical department and learned that Stephens was diabetic.[1] Stephens alleged that appellee Lt. Eaton then rewrote the misconduct. She stated that she and appellee Dr. Symons had reviewed Stephens's medical records and determined that there was nothing in them which indicated he was diabetic. Stephens stated that the Parole Board interviewed him and gave him a one-year hit. Stephens alleged his rights to procedural due process were violated by appellees' actions. In response to the appellees' motions to dismiss, Stephens also argued that his right to privacy in his medical records had been violated. The District Court adopted the Magistrate Judge's recommendation and granted the motions. Stephens filed a motion for reconsideration which the District Court denied. He filed a timely notice of appeal and we have jurisdiction pursuant to 28 U.S.C. § 1291.

_____

[1] Stephens appeared to allege that the urine of diabetics can have alcohol-like characteristics.

We exercise plenary review over the District Court's order granting appellees' motion to dismiss. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). When reviewing a complaint for failure to state a claim, the Court must accept the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The Court should not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved. Id.

The District Court disposed of Stephens's claim that his right to privacy in his medical records by discussing the law of claims of deliberate indifference to serious medical needs. It failed to address this Court's opinion in Doe v. Delie, 257 F.3d 309 (3d Cir. 2001). In Doe, this Court recognized a constitutional right to privacy with respect to the medical information of prisoners. However, the Court noted that this right was not as extensive as the right of a free citizen. "We do not suggest that Doe has a right to conceal this diagnosed medical condition from everyone in the corrections system. Doe's constitutional right is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." Doe, 257 F.3d at 317. Because Stephens put his medical condition at issue in the resolution of the disciplinary charge, we conclude that appellees did not violate his right to privacy in his medical records.

With respect to Stephens procedural due process claim, the District Court focused on the prison disciplinary process but did not discuss whether Stephens had a liberty interest in his expected release on parole. The Supreme Court has held that an

3

expectation of release on parole is not a constitutionally protected liberty interest. Jago v. Van Curen, 454 U.S. 14 (1981). In Jago, the inmate had been ordered released on parole but before he was released, the Parole Board learned that he had not been truthful in his interview or parole plan. The Board rescinded the inmate's parole. The Supreme Court held that the inmate was not entitled to a hearing before his parole was rescinded because, under Ohio law, the inmate had no liberty interest in parole because it was entirely discretionary. Under Pennsylvania law, until the Board's order is "executed," the Board may at any time rescind an order granting parole. The Board's order is executed when there is an order granting a prisoner's release and the prisoner signs an acknowledgment of the conditions of parole. Only then does the inmate have a liberty interest in parole. Johnson v. Commonwealth, 532 A.2d 50, 52 (Pa.Cmmw. Ct.1987). In declining to dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court requested that the parties address, inter alia, whether Stephens' parole was executed. Stephens has not alleged that his parole was executed; nor does he challenge the appellees' contention that it was not executed. Because the Board's order was not executed, Stephens did not have a liberty interest in his release, and his procedural due process claim is without merit.

In his reply brief, Stephens raises allegations which appear to concern a parole revocation which occurred before the events in his complaint. Because these issues were not raised in the District Court, we will not address them here. See United States v. Anthony Dell'Aquilla, Enters. and Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998)("[A]bsent exceptional circumstances, an issue not raised in district court will not

be heard on appeal.").

For the above reasons, we will affirm the District Court's judgment.